**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4891**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JAMES MICHAEL DANIEL, JR., a/k/a Mike D,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:18-cr-00214-1)

Submitted:  October 26, 2020                Decided:  October 30, 2020

Before NIEMEYER and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Stephanie S. Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Michael Daniel, Jr., pleaded guilty to possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), and the district court sentenced him to 51 months' imprisonment. On appeal, Daniel's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court accurately calculated Daniel's drug quantity in determining his advisory Sentencing Guidelines range. Although notified of his right to file a pro se supplemental brief, Daniel has not done so.[1] We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id*. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

---

[1] Because the Government has not moved to enforce the appellate waiver in Daniel's plea agreement, we conduct a full review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

Daniel's counsel questions whether the district court correctly included money seized in the execution of a search warrant as drug distribution proceeds in calculating the drug quantity attributable to Daniel. We review "the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011). "For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011).

Daniel admitted under oath at his Fed. R. Crim. P. 11 hearing and in the signed stipulation of facts that the money belonged to him and constituted proceeds from dealing heroin. He presented no evidence at sentencing to contradict these admissions. Accordingly, the district court did not clearly err in finding that the money could be attributed to Daniel as drug distribution proceeds. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("A defendant's solemn declarations in open court . . . carry a strong presumption of verity." (internal quotation marks omitted)). Because the district court correctly calculated Daniel's advisory Guidelines range,[2] responded to counsel's nonfrivolous arguments, and provided an individualized assessment of the facts, Daniel's sentence is procedurally reasonable.

---

[2] To the extent the district court misspoke in announcing the advisory Guidelines range as 41 to 57 months' imprisonment, rather than 41 to 51 months, the error is harmless. *See United States v. Boulware*, 604 F.3d 832, 838 (4th Cir. 2010) (explaining harmless error doctrine). Later statements by the court make clear that the court was aware of the proper Sentencing Guidelines range when it imposed sentence.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Daniel, in writing, of the right to petition the Supreme Court of the United States for further review. If Daniel requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Daniel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*